IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONDA P. HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-4115-SAC |
| | ) |
| KAW VALLEY ELECTRIC | ) |
| COOPERATIVE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER

This matter comes before the court upon defendant's Motion to Compel (Doc. 9). While plaintiff has not filed a response and defendant has not had the opportunity to reply, the court finds further briefing on the issues unnecessary and is prepared to rule.

In the present two page motion, defendant states that plaintiff has failed to provide defendant with plaintiff's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Under the parties' scheduling order[1], plaintiff was to have served her initial disclosures, along with copies of various documents described by her 26(a)(1) disclosures, by April 13, 2007.

The present motion asks the court to compel plaintiff to produce these initial disclosures. However, defendant neglects to attach a certification regarding its good faith attempt to confer. Indeed, defendant attaches a letter dated April 24, 2007, addressed to plaintiff's counsel, which simply states "[k]indly provide your client [sic] Rule 26 Disclosures pursuant to the recently entered Discovery Order. Also, I write to remind your settlement offer is due."[2]

---

[1] *See* Scheduling Order (Doc. 6).

[2] *See* Motion to Compel (Doc. 9) at (Attachment 1).

Fed. R. Civ. P. 37(a)(2)(B) provides that a motion to compel must include, "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."

D. Kan. Rule 37.2 provides in part: "The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing a motion. Every certification required by Fed. R. Civ. P. . . . 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issue in dispute.  A 'reasonable effort to confer' *means more than mailing or faxing a letter to the opposing party*.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate or in good faith attempt to do so."[3]

In light of defendant's failure to provide a certification, the court denies defendant's motion without prejudice.  The parties should not consider the court's order as condoning plaintiff's tardiness and lack of participation in the discovery process.  Plaintiff is reminded that a failure to participate in the discovery process can warrant stiff sanctions, including dismissal with prejudice of her case.[4]

Accordingly,

IT IS THEREFORE ORDERED that defendant's Motion to Compel (Doc. 9) is denied without prejudice.

---

[3](Emphasis added).

[4]*See* Fed. R. Civ. P. 37(b).

IT IS SO ORDERED.

Dated this 3rd day of May, 2007, at Topeka, Kansas.

                                             s/ K. Gary Sebelius
                                             K. Gary Sebelius
                                             U.S. Magistrate Judge