IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONDA P. HUNTER, )
 )
          Plaintiff, )
 )
v. ) Case No. 06-4115-SAC
 )
KAW VALLEY ELECTRIC )
COOPERATIVE, INC., )
 )
          Defendant. )
 )

**ORDER**

This matter comes before the court upon defendant's Motion to Compel (Doc. 16) and Amended Motion to Compel (Doc. 18). Plaintiff has not filed a response as to either motion and the time to do so has passed.[1] Both the Motion to Compel and the Amended Motion to Compel seek to compel plaintiff to provide her responses to the defendant's First Set of Interrogatories and Requests for Production.

**Background**

On April 24, 2007, defendant submitted to plaintiff defendant's First Set of Interrogatories and First Request for Production. On May 21, 2007, defendant's counsel received a letter from plaintiff's counsel requesting a 10 day extension to respond to written discovery. On or around July 23, 2007, defendant's counsel received a message from plaintiff's counsel advising that the discovery requests would be provided to defendant by July 25, 2007 to which defendant's counsel had no objection. On July 30, 2007 defendant filed the initial Motion to Compel (Doc. 16) and on August 7, 2007 filed the Amended Motion to Compel. On August 13, 2007, plaintiff filed a Notice of Service of Discovery Responses (Doc. 21). This Notice provided: "Plaintiff's Discovery

---

[1]*See* D. Kan. Rule 6.1(d)(1).

Responses" were hand delivered to defendant's counsel. Defense counsel informed the court that plaintiff had provided her responses to defendant's First Set of Interrogatories but had not responded to defendant's First Request for Production. As such, defendant's counsel felt the pending motions were moot as to compelling plaintiff's responses to defendant's opening interrogatories. However, the original Motion to Compel and the Amended Motion to Compel explain that "to date, defendant's counsel has not received responses to defendant's initial written discovery or additional requests from plaintiff's counsel to extend the time to serve his client's discovery requests." [2]

**Certification**

Neither motion includes any kind of certification regarding defendant's attempt to confer with plaintiff regarding the discovery dispute. Fed. R. Civ. P. 37(a)(2)(B) provides that a motion to compel must include, "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." D. Kan. Rule 37.2 provides in part: "The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing a motion. Every certification required by Fed. R. Civ. P. . . 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issue in dispute. A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate or in good faith attempt to do so."

The court has denied without prejudice defendant's previous Motion to Compel (Doc. 8) for

---

[2] *See* Amended Motion to Compel (Doc. 18) at p. 1-2.

a failure to include a certification. As such defendant was on sufficient notice of the court's strict certification requirement. In light of defendant's failure to provide a certification in either motion, the court denies defendant's motions without prejudice. The parties should not consider the court's order as condoning plaintiff's tardiness and lack of participation in the discovery process. In fact, the court strongly urges plaintiff to provide defendant with her responses to defendant's Request for Production as soon as possible. As the court has already reminded plaintiff, a failure to participate in the discovery process can warrant stiff sanctions, including dismissal with prejudice of her case.[3]

Accordingly,

IT IS THEREFORE ORDERED that defendant's Motion to Compel (Doc. 16) and Amended Motion to Compel (Doc. 18) are denied without prejudice. Defendant shall file any subsequent Motion to Compel seeking documents responsive to its First Request for Production of Documents within eleven (11) days of this order.

IT IS SO ORDERED.

Dated this 5th day of September, 2007, at Topeka, Kansas.

 s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[3] *See* Fed. R. Civ. P. 37(b).